# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| RONALD W. OTEY JR.<br>105 Calumet Court<br>Elizabethtown, KY 42701<br>    *PLAINTIFF*<br>v.<br><br>SCOTT BESSENT, in his official capacity<br>As Secretary of the Treasury,<br>1500 Pennsylvania Ave. NW<br>Washington, D.C. 20220,<br><br>The U.S. MINT (FT. KNOX)<br>UNITED STATES DEPARTMENT OF<br>THE TREASURY,<br>1500 Pennsylvania Ave. NW<br>Washington D.C. 20220,<br>    *DEFENDANTS* | ) <br> ) <br> ) CASE NO. 3:25CV-551-DJH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

This complaint filed by Plaintiff Ronald W. Otey, Jr., an African American male, against his employer, the United States Department of the Treasury, United States Mint Fort Knox, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.that was dismissed by the Equal Employment Opportunity Commission.

### I. JURISDICTION AND VENUE

    1. This is an action for employment discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-16(c), which authorizes civil actions by federal employees following final action by the Equal Employment Opportunity Commission ("EEOC") and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391, because the unlawful employment practices occurred at the United States Mint Bullion Depository located at Fort Knox, Kentucky, within this judicial district.

## II. PARTIES

4. Plaintiff Ronald W. Otey, Jr. ("Plaintiff") is an African American male, currently employed as a Sergeant with the United States Mint Bullion Depository ("USBD") in Fort Knox, Kentucky.

5. Defendant Scott Bessent is the duly appointed Secretary of the Department of the Treasury. He is sued in his official capacity.

6. Defendant the U.S. Mint (Ft. Knox) U.S. Department of the Treasury ("Treasury") is an agency of the United States located in Hardin County Kentucky, under the direction and control of the Treasury.

## III. ADMINISTRATIVE PROCEDURE

7. Plaintiff timely initiated contact with an EEO counselor on April 18, 2024, filed a formal EEO complaint on July 12, 2024 (TD Case No. MINT-24-0719), and exhausted his administrative remedies.

8. The Department of the Treasury issued a Final Agency Decision on July 31, 2024, dismissing Plaintiff's claims.

9. Plaintiff appealed to the U.S. Equal Employment Opportunity Commission's Office of Federal Operations (Appeal No. 2024004810).

10. On June 3, 2025, the EEOC affirmed dismissal. Plaintiff received notice of his right to file a civil action within 90 days. This complaint is timely.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff began employment with the U.S. Mint at Fort Knox in February 2012 and rose to Police Sergeant in 2019.

12. Plaintiff consistently performed his duties in a satisfactory and professional manner.

13. Throughout his employment, Plaintiff was subjected to systemic racial discrimination and a hostile work environment, including:

> a. The display of racist memorabilia by supervisors, including a bust of Robert E. Lee, Confederate memorabilia, and books glorifying Confederate figures;
>
> b. Exclusion from training opportunities such as Supervisor Training 101, Krav Maga, and Understanding Terrorism, while white comparators received training and promotions;
>
> c. Exclusion from recognition opportunities, including removal from a Mint Magazine article featuring his award-winning participation in the Marksman Observer Team;
>
> d. Repeated public berating and ostracization by supervisors, creating humiliation and undermining his authority; and
>
> e. Denial of the opportunity to serve on the Employee of the Year (EOY) Committee in April 2022 and again in April 2024, despite Plaintiff's expressed interest. The EOY Committee consistently excluded Black employees and selected only white awardees.

14. In August 2020, Plaintiff was forced to resign from his position as a supervisor due to harassment, exclusion from meetings, and discriminatory treatment by Field Chief Adrienne Meyer and Sergeant Audrey Boykin.

15. Plaintiff repeatedly witnessed and experienced discriminatory treatment directed at African American male officers, while white officers received more favorable treatment.

16. Plaintiff's exclusion from the EOY Committee in April 2024 fell within the applicable EEO contact period, making his complaint timely.

17. Defendants' discriminatory practices caused Plaintiff loss of career advancement, humiliation, emotional distress, and forced him to relinquish a supervisory role..

**V. CAUSES OF ACTION**

### COUNT I
### Title VII, Race and Color Discrimination

18. Plaintiff realleges paragraphs 1 through 17.

19. Defendants subjected Plaintiff to disparate treatment based on race and color by denying him training, excluding him from committees and recognition, and applying different standards of treatment than to white employees.

20. These actions adversely affected Plaintiff's terms, conditions, and privileges of employment, in violation of Title VII..

### COUNT II
### Sex Discrimination (Title VII)

21. Plaintiff realleges paragraphs 1 through 20.

22. As a Black male, Plaintiff was treated less favorably than female and white employees who were offered training, opportunities, and advancement.

23. Defendant's conduct constitutes unlawful sex discrimination under Title VII.

## COUNT II
### Hostile Work Environment

24. Plaintiff incorporates all prior paragraphs.

25. Plaintiff was subjected to a racially hostile work environment through racist displays, harassment, exclusion, and disparate treatment.

26. The conduct was severe, pervasive, and interfered with Plaintiff's ability to perform his job, violating Title VII.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against the Defendant as follows:

1. Judgment in favor of Plaintiff and against Defendants on all claims asserted;

2. A trial by Jury;

3. An award of compensatory damages for emotional pain, suffering, humiliation, and loss of enjoyment of life;

4. Award Plaintiff back pay, lost benefits, and other pecuniary damages associated with career opportunities denied;

5. An award to Plaintiff of his costs, pre- and post-judgment interest, and reasonable attorneys' fees; and

6. Grant any such other and further relief as the Court deems just and appropriate.

<u>/s/  <i>C. Mike Moulton</i></u><br>
C. MIKE MOULTON<br>
LYN TAYLOR LONG<br>
Moulton & Long PLLC<br>
58 Public Square<br>
Elizabethtown, Kentucky 42701<br>
Tel.    (502) 766-1800<br>
Email: cmike@ml-kylaw.com<br>
         lyn@ml-kylaw.com